MEMORANDUM OPINION
PROCTOR, J.
In my opinion, title to the land in controversy never vested in the State of New Mexico.
Before survey of said land in the field was completed, the Secretary of the Interior, under authority of an Act of Congress, legally withdrew the same and reserved it for use as a stock driveway.
The successive Acts donating school lands, although expressed in words of present grant, did not have that effect. Those words were restrained by qualifying clauses whereby the designated sections remained subject to other disposal until survey thereof in the field. Such a survey, it seems to me, cannot be deemed complete until approved by the Surveyor General and accepted by the Commissioner of the General Land Office; nor does the approval or acceptance relate back to the date when work on the land incident to the field survey was finished.
These conclusions, I think, necessarily follow an application of the rules of construction established by the Supreme Court in Heydenfeldt v. Daney Gold, etc., Co., 93 U. S. 634, and U. S. v. Morrison, 240 U. S. 192, and the reasons given in support of those decisions.
An appropriate order in conformity with these conclusions will be entered when presented.